FILED

2022 Jan-07  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DREHER INVESTMENTS, LLC;<br>PAUL DREHER; and GEORGE<br>DREHER | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. |
| ANACONDA INVESTORS, INC. and<br>WILLIAM R. PERRY II | ) ) ) | |
| Defendants. | ) ) | |

## **COMPLAINT**

Plaintiffs Dreher Investments, LLC ("Dreher Investments"), Paul Dreher ("Paul") and George Dreher ("George") (collectively, the "Plaintiffs") state as follows for their complaint against Defendants Anaconda Investors, Inc. ("Anaconda") and William R. Perry II ("Perry") (collectively, the "Defendants"):

## **Parties**

1.    Plaintiff Dreher Investments, LLC is a limited liability company organized under the laws of the State of Alabama.  The members of Dreher Investments are Paul Dreher and George Dreher.

2.    Plaintiff Paul Dreher is an adult citizen of Jefferson County, Alabama.

3.    Plaintiff George Dreher is an adult citizen of Jefferson County, Alabama.

4.     On information and belief, Defendant Anaconda Investors, Inc. is a North Carolina corporation with its principal place of business located at 521 Stonegate Lane, Winston Salem, North Carolina 27104.

5.     On information and belief, Defendant William R. Perry, II is an adult citizen of Forsyth County, North Carolina.

### Jurisdiction and Venue

6.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because it is between citizens of different states and the amount in controversy exceeds $75,000.

7.     For purposes of diversity jurisdiction, Plaintiff Dreher Investments is a citizen of Alabama as its members are all citizens of Alabama.  Plaintiffs Paul and George are also citizens of Alabama.  Defendants are both citizens of North Carolina. Thus, complete diversity of citizenship exists between the parties.

8.     This Court has personal jurisdiction over Defendants because they do business in this district

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred here. Moreover, Section 11.12 of the Amended and Restated Limited Liability Company Agreement of Alabama Reclamation Company, LLC, of which Dreher Investments and Anaconda are parties, requires that all legal proceedings arising out of or relating

to the LLC Agreement must be brought in the United States District Court for the Northern District of Alabama.  Defendants waived any claim of improper venue, lack of jurisdiction, or an inconvenient forum.

**Factual Allegations**

**A. Creation of ARC Alabama, LLC.**

10.     On February 10, 2009, Dreher Investments and Anaconda entered into an Amended and Restated Limited Liability Company Agreement of Alabama Reclamation Company, LLC (the "LLC Agreement").  The members of Dreher Investments are Paul and George.  Perry is the President of Anaconda and signed the LLC Agreement on its behalf.

11.     At that time, the members of ARC were Dreher Investments, Anaconda, and ALRECO Investment Partners, LLC.  Subsequent to the execution of the LLC Agreement, ALRECO Investment Partners, LLC ceased being a member of ARC. As a result, Dreher Investments became the majority member of ARC, and Anaconda became the minority member.

12.     Pursuant to Section 3.2(b) of the LLC Agreement, ARC's Board of Directors consists of Paul, George, and Perry.

**B. Plant Modification Agreement between ARC and Tompaul ACIPCO, LLC.**

13.     American Cast Iron Pipe Company ("ACIPCO") owns a recycling facility in Birmingham, Alabama, that shreds and recycles old automobiles, white

goods, aluminum cans, and other metal products.  The recycling facility produces excess material called "shredder residue" which was disposed of in a landfill owned by ACIPCO.

14.     ARC and ACIPCO entered into a Landfill Service Agreement whereby ARC would construct and operate a plant at the landfill to further process the excess shredder residue.  Later, ARC and ACIPCO entered into an amended agreement pursuant to which ARC constructed and operated a plant at the landfill and began processing shredder residue.

15.     In 2016, ARC approached a number of equipment providers about the possibility of modifying the plant at the landfill, including Tompaul ACIPCO, LLC ("Tompaul").

16.     On March 16, 2017, ARC and Tompaul entered into a Plant Modification Agreement (the "PMA"), whereby Tompaul was to perform certain modifications to the plant at the ACIPCO landfill (the "Modified Plant") within ninety (90) days and cover any discrepancies between ARC's operating expenses, bank notes, and revenue through a loan to ARC.  ARC would only be required to repay the loan if the Modified Plant returned a profit that would allow for ARC to repay the loan.

17.     Pursuant to the PMA, Tompaul was required to complete the Modified Plant by June 14, 2017, but failed to do so.

### C. Tompaul-ARC Litigation

18.     On July 30, 2021, Tompaul filed suit against ARC and the Plaintiffs, among other defendants, in the Circuit Court of Jefferson County Alabama, Case No. CV-2021-154 (the "Tompaul Lawsuit"). Tompaul alleged ten causes of action against ARC arising out of the PMA.

19.     Instead of assisting in the defense of ARC against Tompaul's claims, as one would expect an owner and manager of a company to do, Defendants filed a Motion to Intervene in the Tompaul Lawsuit for the purpose of filing shareholder derivative claims on behalf of ARC against the Plaintiffs.

20.     ARC opposed the Defendants' Motion to Intervene and alleged that the shareholder derivative claims were inappropriate for adjudication in the Tompaul Lawsuit as it would require ARC to defend against two, separate lawsuits arising from different facts and circumstances.

21.     Prior to the disposition of the Motion to Intervene, Defendants Tompaul amended its complaint (the "Amended Complaint") against ARC and the Plaintiffs to add Defendants as parties.   Importantly, Tompaul does not seek monetary damages from Defendants in the Tompaul Lawsuit, but merely invites Defendants to participate in the litigation which, in turn, allows Defendants to pursue claims against the Drehers.  (Am. Compl. at ¶¶ 10-11, attached hereto as Exhibit A).

22.    The Amended Complaint admits that Defendants and Tompaul are aligned against ARC and states that "Anaconda is further added to this action because Anaconda has taken the position, and so advised counsel for Tompaul, that because its interests are not aligned with and are in fact ***averse*** to those of ARC, ARC cannot and does not speak for Anaconda's interests in this litigation." (*Id.* at ¶ 10) (emphasis added).  Further, the Amended Complaint proposed that "[s]hould Mr. Perry seek to align himself as a party-plaintiff with Tompaul as opposed to his current posture as a party-defendant, Tompaul would have no objection to that realignment." (*Id.* at fn. 3).

23.    After Tompaul added Defendants as a party to the Tompaul Lawsuit, Defendants then filed a Crossclaim against Plaintiffs which again alleged shareholder derivative claims.

24.    In furtherance of Defendants collusion with Tompaul to financially harm ARC and the Plaintiffs, Perry submitted an affidavit in support of Tompaul's Motion for Temporary Restraining Order, which sought to restrict ARC from carrying on its business.

## Count I: Breach of Fiduciary Duty

25.    Plaintiffs adopt and incorporate herein the allegations of all preceding paragraphs of this Complaint.

26.    As a shareholder of ARC, Anaconda owed Plaintiffs fiduciary duties of loyalty, fidelity, fairness, and good faith.

27.    As a manager and member of the Board of Directors of ARC, Perry owed Plaintiffs fiduciary duties of loyalty, fidelity, fairness, and good faith.

28.    Defendants breached their fiduciary duties to Plaintiffs by, among other things, colluding with Tompaul in an effort to financially harm ARC and the Plaintiffs.

29.    Defendants' breaches of their fiduciary duties to Plaintiffs were knowing and willful and were undertaken with malice.

30.    Plaintiffs have been injured as a result of Defendants' breaches of their fiduciary duties.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages in an amount to be established as trial, plus interest, attorneys' fees, costs of Court, and such other and further relief as the Court deems appropriate.

## **Jury Demand**

Plaintiffs demand a trial by struck jury.

Respectfully Submitted,

*/s/ Elizabeth H. Huntley*

One of the Attorneys for Plaintiffs Dreher Investments, LLC, George Dreher and Paul Dreher

**OF COUNSEL:**
Elizabeth H. Huntley (HUN025)
Wesley B. Gilchrist (GIL066)
Meghan S. Cole (SAL035)
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
ehuntley@lightfootlaw.com
wgilchrist@lightfootlaw.com
mcole@lightfootlaw.com

**DEFENDANTS WILL BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Anaconda Investors, Inc.
c/o Stephen W. Earp, Registered Agent
4014 Westmount Drive
Greensboro, North Carolina 27410

William R. Perry, II
521 Stonegate Lane
Winston Salem, North Carolina 27104